UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TALLEON S. BRAZIL,

                Plaintiff,

v.

HEIDI WASHINGTON et al.,

                Defendants.

_____/

Case No. 1:25-cv-896

Honorable Maarten Vermaat

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.4.)

       This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

       "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint as untimely and, therefore, frivolous.

### Discussion

## I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred when Plaintiff was improperly released on bond and taken to Wayne County, Michigan by his family, and upon his return to custody with the MDOC. (Compl., ECF No. 1, PageID.3; ECF No. 1-1. PageID.7.) Plaintiff sues **Heidi Washington**, ICF Prisoner

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Counselor **Unknown Hengesbach**, and Charles Egeler Reception & Guidance Center (RGC) "TCU" **L. Todd**. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that, on January 21, 2020, he was improperly released on bond. (Compl., ECF No. 1, PageID.3; ECF No. 1-1, PageID.7.) While Plaintiff was out of custody, Defendant Washington informed the public through the news media that Plaintiff had escaped and was dangerous. (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that these statements put Plaintiff in danger and placed stress on Plaintiff and his family "when [an] armed U.S. marshal was sent looking for him." (*Id.*)

Plaintiff was returned to custody by the Absconder Recovery Unit on February 1, 2020, and, on February 3, 2020, was issued a class I misconduct charge for escape. (ECF No. 1-1, PageID.7.) On February 5, 2020, a hearing was held on Plaintiff's misconduct charge. (*Id.*) Plaintiff was found not guilty; however, Plaintiff was kept in segregation for 30 days and 11 days were "unjustly added on to his minimum sentence [without] due process." (Compl., ECF No. 1, PageID.3.)

Plaintiff brings claims for violation of his Fifth, Sixth, Eighth, and Eleventh Amendment rights, as well as for "defamation of character" under Michigan state law. (*Id.*, PageID.3–4.) He seeks $2 million in compensatory damages. (*Id.*, PageID.4.)

## II.    Legal Standard

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See id.*; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000).

## A.    Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff brings several § 1983 claims (*see* Compl., ECF No. 1, PageID.4), arising out of events that occurred in January and February 2020, while Plaintiff was improperly out on bond from January 21, 2020, through February 1, 2020, when he was issued a misconduct charge on February 3, 2020, and when he was found not guilty but nonetheless sanctioned on February 5, 2020. (*Id.*, PageID.4–5.) Regardless of the specific constitutional rights allegedly infringed, any § 1983 claims arising during this period are untimely under the applicable three-year statute of limitations.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Here, Plaintiff had reason to know of any "harms" done to him at the time they occurred. Hence, his claims arising from events that occurred in or around January and February 2020, while Plaintiff was improperly out on bond, and following the hearing at which he was found not guilty

6

but nonetheless subjected to sanctions accrued at that time. However, Plaintiff did not file his complaint until August 1, 2025 (ECF No. 1, PageID.13),[2] well past Michigan's three-year limit.

Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Accordingly, based on Plaintiff's allegations, the Court concludes that Plaintiff's § 1983 claims are untimely. Accordingly, the Court will dismiss Plaintiff's § 1983 claims as frivolous.

### B.    State Law Claim

Plaintiff also brings a claim for defamation under Michigan state law based upon comments made by Defendant Washington while Plaintiff was improperly out on bond in January 2020. (Compl., ECF No. 1, PageID.3.) Under Michigan law, defamation, libel, and slander claims are subject to a one-year statute of limitations. *Courser v. Allard*, 969 F.3d 604, 619 (6th Cir. 2020) (citing Mich. Comp. Laws § 600.5805(11)). "A defamation claim accrues when 'the wrong upon which the claim is based was done regardless of the time when damage results.'" *Mitan v. Campbell*, 706 N.W.2d 420 (Mich. 2005) (quoting MCL 600.5827). This means that "the limitations period begins to run upon publication, not discovery." *Courser*, 969 F.3d at 619 (citing *Puetz*, 919 N.W.2d at 443). And, as discussed above, neither Plaintiff's incarceration nor any

---

[2] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988), to civil matters). While Plaintiff's complaint is not dated and there is no indication when Plaintiff presented it for mailing, the envelope in which it was mailed is postmarked August 1, 2025, which the Court will use as the filing date.

ignorance of the law warrants tolling of the one-year limitations period. Therefore, Plaintiff's defamation claim is well past due. Like Plaintiff's federal claims, Plaintiff's state law claim for defamation will be dismissed as untimely and, therefore, frivolous.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. §' 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated:    September 4, 2025                    /s/ *Maarten Vermaat*
                                              Maarten Vermaat
                                              United States Magistrate Judge